UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **BERNADETTE THOMAS** | * | |
| Plaintiff, | * | Civil Action No.: CBB-03-CV-403 |
| v. | * | |
| **THE BALTIMORE LIFE COMPANY** | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, The Baltimore Life Insurance Company ("Defendant"), by its undersigned counsel, pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure files this Answer to Plaintiff's Complaint, and states as follows:

1. Baltimore Life neither admits nor denies the averments set forth in Paragraph 1 of Plaintiff's Complaint in that they purport to be statements of law and not factual allegations, and as such, no response is required.

2. Baltimore Life denies the allegations set forth in Paragraph 2 of the Complaint.

### COUNT 1

3. Baltimore Life reaffirms and incorporates herein all of the above responses included in Paragraphs 1 through 2 of this Answer.

758140.1 3/24/03

4.  Baltimore Life admits that Plaintiff is an African American, was denied a promotion, and that her charge of discrimination is attached to the Complaint. Baltimore Life denies the remaining allegations set forth in Paragraph 2 of Count 1 of the Complaint.

5.  Baltimore Life admits that the Equal Employment Opportunity Commission ("EEOC"), upon adopting the findings of the Maryland Commission Human Relations ("MCHR") concluding that there was no probable cause to believe that Baltimore Life unlawfully discriminated or retaliated against Plaintiff, issued a Notice of Right to Sue ("Notice") to Plaintiff, however, Baltimore Life is without knowledge or information sufficient to form a belief as to whether Plaintiff received the Notice as alleged in Paragraph 3 of Count 1 of the Complaint, and, therefore, denies same. Baltimore Life further denies that a copy of the Notice is attached to the Complaint.

6.  Baltimore Life denies the allegations set forth in Paragraph 4 of Count 1 of the Complaint.

7.  Baltimore Life denies the allegations set forth in Paragraph 5 of Count 1 of the Complaint.

**Count 2**

8.  Baltimore Life reaffirms and incorporates herein all of the above responses included in Paragraphs 1 through 7 of this Answer.

9.  Baltimore Life admits that Plaintiff is an African American Female who was employed by Baltimore Life from December 12, 1983 through February 28, 2002 and that Plaintiff's employment was terminated. Baltimore Life denies the remaining allegations set forth in Paragraph 2 of Count 2 of the Complaint.

10. Baltimore Life denies the allegations set forth in Paragraph 3 of Count 2 of the Complaint.

11. Baltimore Life admits that Plaintiff filed a charge of retaliation with the EEOC, a copy of which is attached to the Complaint. Baltimore Life is without knowledge or information sufficient to form a belief as to the date that Plaintiff filed the charge of retaliation with the EEOC as alleged in Paragraph 4 of Count 2 of the Complaint, and, therefore, denies same. Baltimore Life admits that the EEOC, upon adopting the findings of the MCHR concluding that there was no probable cause to believe that Baltimore Life unlawfully discriminated or retaliated against Plaintiff, issued a Notice to Plaintiff, however, Baltimore Life is without knowledge or information sufficient to form a belief as to whether Plaintiff received the Notice as alleged in Paragraph 4 of Count 2 of the Complaint, and, therefore, denies same. Baltimore Life further denies that a copy of the Notice is attached to the Complaint.

12. Baltimore Life denies the allegations set forth in Paragraph 5 of Count 2 of the Complaint.

13. Baltimore Life denies the allegations set forth in Paragraph 6 of Count 2 of the Complaint.

**DEFENSES**

In further answering, Baltimore Life hereby asserts the following defenses:

### FIRST DEFENSE

Plaintiff's Complaint as a whole and each count therein fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks jurisdiction over some or all of the claims asserted in Plaintiff's Complaint.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE

Baltimore Life had legitimate business reasons for taking the employment actions with respect to Plaintiff's employment, which reasons were not a pretext for unlawful employment discrimination.

### FIFTH DEFENSE

Plaintiff has failed to mitigate her damages.

### SIXTH DEFENSE

Plaintiff is not entitled to some or all of the damages complained of in the Complaint.

### SEVENTH DEFENSE

Plaintiff's request for punitive damages is not actionable because Baltimore Life has acted in good faith and has not acted willfully, without justification, with malice or with reckless indifference to the federal protected rights of Plaintiff, and thus, Plaintiff is not entitled to punitive damages on the law or the facts.

## EIGHTH DEFENSE

Baltimore Life intends to rely on or assert such other defenses which may become available or apparent during the course of discovery in this case, and Baltimore Life expressly reserves the right to amend this Answer to assert any and all such defenses.

WHEREFORE, having answered Plaintiff's Complaint, Baltimore Life requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice, and requests that this Court grant Baltimore Life costs and attorney's fees incurred in this action, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

March 24, 2003

/s/
Harriet E. Cooperman
Trial Bar No. 00729
SAUL EWING LLP
100 South Charles Street
Baltimore, Maryland 21201
(410) 332-8974

Counsel for Defendant,
The Baltimore Life Insurance Company